# Richmond

WILLIAM S. HOLLAND, THOMAS L. WOODWARD AND GEORGE
E. ALLEN, ATTORNEYS v. GEORGE F. WHITLEY,
RECEIVER OF THE BANK OF WINDSOR.

March 24, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Wm. S. Holland, Thomas L. Woodward* and *George E. Allen,* for the appellants.

*George F. Whitley* and *James G. Martin,* for the appellee.

BROWNING, J., delivered the opinion of the court.

The Bank of Windsor, a State institution, of Windsor, Virginia, closed its doors in August of the year 1928, on account of losses and reverses, alleged to have been due to the mismanagement of its affairs by its officers and directors. In the same year receivership proceedings were instituted by the Virginia State Corporation Commission, in which George F. Whitley was appointed a receiver to take charge of the affairs and assets of the bank and administer them under the supervision and direction of the Circuit Court of Isle of Wight county, in which the cause was instituted. Subsequently (the record does not afford the precise date), the law firm of Holland & Woodward, composed of William S. Holland and Thomas L. Woodward, was employed by 105 depositors, who owned $85,290.94, of the total deposits of $112,423.14, at the time of the suspension of the bank, to institute legal action against the directors, based on their alleged failure to perform their duties, as such directors, in administering the affairs of the bank. These attorneys associated with them George E. Allen, in the conduct of the matter. They were paid, by the depositors employing them, $500.00 as a retainer and the sum of $250.00 as a deposit on expense money, and as additional compensation they were to be paid twenty-five per cent of any amount or amounts collected from the directors. This was contingent on recovery against the directors. These terms of employment were set forth in a written contract between the parties.

It appears that on the 21st of June, 1928, prior to the suspension of the bank the directors executed an indemnifying bond to the bank to save it harmless from an impending loss on account of a certain line of credit which had been

granted. This bond recited that the State Corporation Commission, upon examination, had estimated that the loss likely to ensue would amount to the said sum and that the directors being charged with the administration and management of the bank, and wishing to avoid its suspension, agreed to indemnify and save harmless the depositors and other creditors of the bank from loss on account of the aforesaid line of credit. Some of the large depositors in the bank, who had employed the attorneys, besought the receiver, George F. Whitley, to take action on the bond for the purpose of collecting the penalty for the benefit of the creditors, but this was without avail. The attorneys were then directed by their clients to take appropriate action to enforce the payment of the bond as well as enforce other liabilities charged against the directors. A large number of depositors had filed a petition before the court asking that the receiver, Whitley, be directed to prosecute such legal proceedings as might be necessary to recover from the directors any sums for which they could be held liable, or to appoint another receiver for such purpose. The court appointed William S. Holland, special receiver for the purpose, it appearing to the court to be improper for Whitley, receiver, to institute and prosecute such proceedings.

These attorneys, appellants here, at the instance of the special receiver, and their clients, instituted a chancery suit with William S. Holland, special receiver of the Bank of Windsor, as plaintiff, and the directors of the bank, naming them, as defendants. This suit was removed from the Circuit Court of Isle of Wight county to the Circuit Court of the city of Suffolk, the judge of the former court deeming it improper for him to decide the issues involved therein. From the latter court it was removed to the Circuit Court of the city of Norfolk. Long and tedious pleadings were involved, including the taking of voluminous depositions,

consisting of some 1,500 pages. During the pendency of this suit, Holland, special receiver, reported to the initial court the facts with reference to the indemnifying bond, and the court directed Whitley, receiver, to deliver the bond to the special receiver, to be proceeded upon in the chancery suit. The attorneys, appellants, effected this by an amended bill, which was dismissed by the judge of the Circuit Court of the city of Norfolk on issues raised by the interposition of a motion to dismiss the same.

The special receiver was afterwards authorized by the Circuit Court of Isle of Wight county to institute a separate and distinct action against the obligors on the indemnifying bond, which he did through the instrumentality of the appellants, as attorneys. They filed an action, by notice of motion for judgment, against the obligors, who were the directors, on the bond. This was done in the Circuit Court for the city of Richmond, where one of the defendants resided.

Thereafter a settlement of this action was reached by which the cash sum of $6,666.67 was realized. The special receiver reported, in the original receivership suit, this settlement, and he was directed by the court to turn over the money to Whitley, the receiver of the Bank of Windsor, and the special receiver was relieved of any further responsibilities in connection with the fund. The court allowed the special receiver, as fee for his services in the matter, the sum of $250.00, and decreed that any and all additional dividends ordered or payable to the clients of the appellants be paid to their attorneys, the appellants.

The appellants, forthwith, by leave of court, filed their petition, detailing the circumstances of the litigation and their services in this behalf, and their contract of employment with their clients, and claiming that they were entitled to have decreed to them twenty-five per cent of the sum recovered, $1,666.66, on account of fees for repre-

senting the special receiver, the complainant in the action at law. Thereupon the court dismissed the petition and to this action an appeal was sought and allowed by this court.

The appellants contend that by statutory enactment, section 3429 of the Code, they have a lien on the fund for their fees. We think this is true in a sense. They have a lien for a reasonable attorneys' fee out of the fund in the hands of the court, and it would be protected, under the statute, if an adverse claim to the fund were asserted as superior to their own. We do not, however, understand that any such situation exists here. They had no contract with the special receiver as to the amount of their compensation for representing him in the action in which the fund was recovered.

It could hardly be contended that, if it became necessary to reduce to possession the money, represented by a perfectly good chose in action, a bond or a note, belonging to the bank, by suit, attorneys engaged by the receiver for that purpose, could properly apply to such service the terms of compensation of a contract with individual depositors for a contingent fee based on their recovery of money, the collection of which was rendered hazardous, by the mismanagement or non-management of the directors of the bank. It will be noted that the directors executed this bond months before the suspension of the bank and it then became an asset of the bank, as much so as any other security which it owned, and apparently a perfectly good one. As we view it, the contract with the individual depositors was a separate and distinct thing from the employment of the appellants by the special receiver for the purpose for which he did engage them. Undoubtedly the appellants were entitled to a reasonable fee for the service performed in the particular instance, and the special receiver, on his own motion or at the instance of the appellants, should have asked the court to allow it. In that

way the entire fund would have been charged with it. The court had nothing to do with the contract, which was a matter between the parties to it, the appellants and their clients. With the rights between the parties concerned in the chancery suit still pending in the Circuit Court of the city of Norfolk, in any pecuniary results flowing therefrom, we are not dealing and we express no opinion pertaining to it. The court directed the monies, payable out of the particular fund to the depositors represented by appellants, to be paid to the attorneys, appellants, as it should have done. They were thus placed in a position of ready and easy settlement with their clients in accordance with their individual contract, if it were applicable thereto. We deem it unnecessary to cite authorities to sustain our position or prolong this opinion by distinguishing this case from the many cited in the appellants' petition or brief.

We find no error in the decree of the court in the respects in issue here, and we therefore affirm it, and remand the case to the court below without prejudice to the appellants to pursue such course as they may be advised to have the said court allow them, or the special receiver for them, a reasonable fee in this behalf.

*Affirmed and remanded.*